# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

UNITED STATES OF AMERICA,    )
       Plaintiff,       )
                     )     2:15-cr-00017-JRS-CMM-3
         vs.       )     2:16-cr-00020-JRS-CMM-1
                     )
DARION WILSON,       )
       Defendant     )

## REPORT AND RECOMMENDATION

On May 2, 2022, the Court held a final hearing on the Petition for Summons/Violation for Offender Under Supervision filed on March 2, 2021 [Dkt. 122 and 51] and Supplemental Petition for Warrant filed on March 12, 2021 [Dkt. 126 and 55]. Darion Wilson ("Defendant") appeared with FCD counsel, Dominique Martin. The Government appeared by Kristian Mukoski, Assistant United States Attorney. U. S. Probation appeared by Officer Jennifer Considine.

The Court previously conducted an initial appearance on the Petition and Supplement on September 20, 2021, Docket No. [131].

The parties advised the Court at the outset of the hearing that a proposed agreement was reached by which the defendant would admit Violation Numbers 1 and 2 of petition Docket No. [122 and 51] and Violation Numbers 3, 4 and 5 of the supplemental petition Docket No. [126 and 55].

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1.      The Court previously had advised Defendant of his rights and provided him with a copy of the petition during the September 20, 2021, appearance.  Defendant waived his right to a preliminary hearing at that time and the Court found probable cause to proceed on the Petition.

2.      The defendant was advised on both September 20, 2021, and May 2, 2022, that this matter had been referred by the District Judge and that the District Judge has final authority whether to accept, reject, or modify the recommendation.

3.      After being placed under oath, Defendant advised that he consented to the proposed agreement, had sufficient opportunity to consult with counsel, and was satisfied with his representation.  Defendant admitted Violations No. 1, 2, 3, 4 and 5. Docket No. [122, 126 and 55, 51].

3.      The allegations to which Defendant admitted, as fully set forth in the petition, are:

**VIOLATION**
**NUMBER    NATURE OF NONCOMPLIANCE**

1.              "The defendant shall not commit another federal, state, or local crime."

                On January 19, 2021 an arrest warrant was issued for Darion Wilson. Mr. Wilson committed a new criminal offense: Count I: Dealing in Methamphetamine / Delivery of Methamphetamine amount of 10 or More Grams, Count II: Dealing in Methamphetamine amount of 10 Grams or More, Count III: Possession of Methamphetamine Possession of 28 or More Grams, and Count IV: Possession of Methamphetamine between 10 & 28 Grams in Vigo County, Indiana (84D06-2101-F2-000156).

2.              "The defendant shall now unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."

As previously reported to the Court on September 1, 2020, Darion Wilson tested positive for Marijuana. He admitted use on August 29, 2020.

As previously reported to the Court on October 13, 2020, Darion Wilson submitted a urine sample which returned positive for THC/Cannabinoids and Amphetamine. He denied using either substance. The sample confirmed positive for THC/Cannabinoids only.

3.  "The defendant shall not commit another federal, state, or local crime."

On March 5, 2021, Darion Wilson was arrested and charged in Vanderburgh County, Indiana under Case No. 82C01-2101-F5-1247 for Ct. I: Felon Carrying a Handgun, Def has a prior felony conviction w/in last 15 years, a Level 5 Felony, Ct. II: Possession of Methamphetamine, less than 5 grams, a Level 5 Felony, Ct. III: Neglect of a Dependent, a
Level 6 Felony, Ct. IV: Possession of a Controlled Substance, Schedule I, II, III, or VI, Ct. V: Possession of Marijuana, a Class A Misdemeanor and Ct. VI: Possession of Paraphernalia, a Class C Misdemeanor.

4.  "The defendant shall not unlawfully possess a controlled substance. "On March 5, 2021, Darion Wilson was arrested and charged in Vanderburgh County, Indiana under Case No. 82C01-2101-F5-1247 for Possession of Methamphetamine, less than 5 grams, a Level 5 Felony, Possession of a Controlled Substance, Schedule I, II, III, or VI, a Class A Misdemeanor and Possession of Marijuana, a Class A Misdemeanor.

5.  "You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon."

On March 5, 2021, Darion Wilson was arrested and charged in Vanderburgh County, Indiana under Case No. 82C01-2101-F5-1247 for Felon Carrying a Handgun, Def has a prior felony conviction w/in last 15 years, a Level 5 Felony.

4.  The parties stipulated that:

(a)  The highest grade of violation is a Grade **A** violation.

(b)  Defendant's criminal history category is **V**.

(c)  The range of imprisonment applicable upon revocation of supervised release, therefore, is **30 to 36** months imprisonment.

5.    The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

(a)    The Defendant violated the supervised release condition as alleged in Violation #1, #2, #3, #4 and #5;

(b)    The Magistrate Judge recommends that the defendant be sentenced to the custody of the U.S. Bureau of Prisons for a period of 18 months without extension of any previously ordered supervised release to follow;

(e)    That the agreement of the parties is an appropriate resolution of this matter and the agreement is commended to the favorable consideration of the District Judge with the Magistrate Judge's recommendation for sentencing. As both the Government and the Defendant's attorney noted during the hearing, the Defendant has serious charges pending against him in both Vigo and Vanderburgh counties. While these cases are yet unresolved—and this proceeding was delayed in anticipation that those cases might be satisfactorily resolved by now—it appears the Defendant is facing substantial peril of extended incarceration on the state charges. Under the circumstances, a sentence below the Guidelines recommendation is appropriate where the Defendant bears some likelihood of a stiff sentence based on the underlying charges that prompted filing the Petitions in this matter.

Defendant shall remain in custody pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have waived their 14-day objection period to file objections for the consideration of the District Judge.

Dated:  May 2, 2022

CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:
All ECF-registered counsel of record via email generated by the court's ECF system